UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

ELLEN SHEALLY, Plaintiff :
:
VS. : C.A. NO.: CA 06 375ML
:
COLGAN AIR, INC. and :
US AIRWAYS, INC., :
Defendants :

## COMPLAINT

NOW comes the Plaintiff in the above-entitled matter and alleges and says as follows:

## JURISDICTION

1. Jurisdiction of this Court is proper under 28 U.S.C., §1332. Plaintiff is a citizen of the State of Rhode Island and the Defendant, COLGAN AIR, INC. is a foreign corporation, organized and existing under the laws of the State of Virginia and US AIRWAYS, INC. is a foreign corporation, organized and existing under the laws of the State of Delaware. The matter in controversy exceeds, exclusive of interest and costs, the sum of $75,000.00.

## PARTIES

2. Plaintiff, Ellen Sheally is a resident of the County of Providence, State of Rhode Island.

3. Defendant, COLGAN AIR, INC. is a foreign corporation organized and existing under the laws of the State of Virginia and was either the owner or operator of that certain airplane known as Flight - 0510 which on October 5, 2003 was traveling between the State of New York and the State of Rhode Island.

4. Defendant, US AIRWAYS, INC. is a foreign corporation organized and existing under the laws of the State of Delaware was either the owner or operator of that certain airplane known as Flight - 0510 which on October 5, 2003 was traveling between the State of New York and the State of Rhode Island.

## CAUSE OF ACTION

## COUNT I

## NEGLIGENCE

5. Plaintiff, Ellen Sheally, on or about October 5, 2003, was a passenger/business invitee upon airplane known as Flight - 0510 which was

being operated by the Defendants and traveling between the State of New York and the State of Rhode Island.

6. At all times material hereto, Plaintiff, Ellen Sheally was in the exercise of due care and caution.

7. At all times material hereto the Defendants knew or in the exercise of due care should have known that the Plaintiff and/or others in a similar position would have been upon said airplane.

8. Defendants, were under a duty to exercise reasonable care to keep the airplane, free from defects, free from obstacles, and safe for the intent and purposes of said airplane .

9. Defendants, were under a duty to exercise reasonable care to protect the Plaintiff by inspection, and other affirmative acts, from the danger of reasonably foreseeable injuries occurring from reasonable foreseeable uses of the airplane.

10. Defendants, were under a duty to exercise reasonable care to protect the Plaintiff by inspection and other affirmative acts, from injuries resulting from the existence of hazardous conditions upon the airplane and the dangerous and unsafe conditions thereby resulting.

11. Defendants, were under a duty to properly inspect and maintain the airplane in a condition reasonably safe for the Plaintiff and free from defects and conditions rendering it unsafe.

12. Defendants, were under a duty to warn the Plaintiff or others in a similar position of any dangerous, or unsafe conditions existing upon the airplane.

13. Defendants, negligently and carelessly breached all of the aforesaid duties and as a direct and proximate result of said negligence, the Plaintiff, Ellen Sheally on October 5, 2003 tripped and fell upon the airplane owned and operated by the Defendants.

14. As a direct and proximate result of said incident and the negligence of the Defendants as complained of herein, the Plaintiff, Ellen Sheally sustained severe, permanent, personal injuries which incapacitated her; she has been prevented and will continue to be prevented from carrying on her usual activities; she suffered, presently suffers and in the future will suffer great pain of body and mind; she incurred, is continuing to incur and will in the future incur great expenses for medical and hospital care and attention; she has sustained, and in the future, will sustain a loss of earnings, salary and/or wages.

WHEREFORE, Plaintiff demands Judgment against the Defendants jointly and severally in an amount sufficient to sustain the jurisdiction of this Court and to be determined by the trier of fact for compensatory damages, plus interest and costs.

Plaintiff
By and through his Attorney,

Thomas A. Tarro, III, Esq., #2046
THE LAW FIRM OF THOMAS A. TARRO, III, ESQ.
The Summit East – Suite 330
300 Centerville Road
Warwick, RI 02886
(401) 737-7200
(401) 732-3362 (facsimile)

Dated: August 22, 2006

PLAINTIFF HEREBY CLAIMS HER RIGHT TO TRIAL BY JURY.